UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TINA V. PORTER and | § | |
| BRIAN PORTER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-07-75 |
| | § | |
| COUNTRYWIDE HOME LOANS, INC. | § | |
| and LISA COLLINS-LISS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant, Countrywide Home Loan, Inc.'s ("Countrywide") Motion to Dismiss (Dkt. #7). After considering the motion, response and applicable law, the Court is of the opinion that the motion should be GRANTED in part and DENIED in part.

**Factual and Procedural Background**

On August 9, 2007, Plaintiffs filed a petition in state court alleging various causes of action against Countrywide. The Plaintiffs allege that when they originally financed their home with E-Loan, Inc., they were advised that their property was located in a flood zone as designated by the Federal Emergency Management Agency ("FEMA"), and they were required to purchase flood insurance. Sometime thereafter, Countrywide acquired their mortgage. On May 17, 2006, Countrywide sent a letter to the Plaintiffs, in which it advised that FEMA had determined that their property was no longer in a flood zone, and therefore, flood insurance was no longer required on the property. The letter advised them that they should cancel their flood insurance. Based on this representation, the Plaintiffs let their flood insurance policy expire on September 26, 2006, and did not renew it. It was later discovered that FEMA had not removed the Plaintiffs' property from the

flood zone. On July 2, 2007, the Plaintiffs' property flooded, and their house and belongings were completely destroyed. On the basis of diversity jurisdiction, the Defendants timely removed this action to federal court.

**Standard of Review**

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in its favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). The court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.1991)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (quoting *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994) (citation omitted)). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *Doss v. South Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982)). The function

of a complaint under the Federal Rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When presented with a Rule 12(b)(6) motion to dismiss, the district court must examine the complaint to determine if the allegations provide for relief on any possible theory. *Id.*

## Discussion

Countrywide moves to dismiss Plaintiffs' suit for failure to state a claim under Rule 12(b)(6). Specifically, Countrywide maintains that Plaintiffs' negligence, negligent misrepresentation, fraud and Deceptive Trade Practices Act ("DTPA")[1] claims are a veiled attempt to state causes of action that are covered by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-129. Because there is no private right of action under the NFIA, Plaintiffs may not circumvent congressional intent by stating state law tort claims. Plaintiffs assert their claims are brought solely under Texas statutory and common law and not under the NFIA. Countrywide also argues that Plaintiffs' DTPA claim cannot stand because they are not "consumers" as defined under the statute.

**A.     NFIA**

Countrywide maintains that Plaintiffs are attempting to allege causes of action under the NFIA, and because the NFIA does not provide a private right of action to borrowers, Plaintiffs' lawsuit should be dismissed. It is undisputed that the NFIA does not create an implied private right of action for borrowers when a lender violates the NFIA. *Wentwood Woodside I, L.P. v. GMAC Comm. Mort. Corp.*, 419 F.3d 310, 321 (5th Cir. 2005); *Till v. Unifirst Fed. Savings & Loan Ass'n*, 653 F.2d 152, 161 (5th Cir. 1981). While Countrywide cites numerous cases out of other districts, this Court is bound by the precedent of the Fifth Circuit and the state law of Texas. *Audler v. CBC*

---

[1]   *See* TEX. BUS. & COM. CODE § 17.50.

*Innovis, Inc.*, 519 F.3d 239, 252 (5th Cir. 2008). Texas courts have not directly addressed whether the NFIA effectively preempts all state law causes of action, but the Fifth Circuit has indicated that the lack of a right of action under the NFIA does not necessarily foreclose state causes of action relating to a lender's obligations under the NFIA. *See Wentwood Woodside*, 419 F.3d at 321 (analyzing the plaintiff's allegation that his mortgage servicer assumed a duty to notify him that his property was located in a flood zone); *Till*, 653 F.2d at 161 (remanding fraud and negligence claims to state court to determine whether common law actions were dependent on a duty arising from the NFIA).

A recent unpublished decision by the Fifth Circuit involved similar circumstances to the present case. *Saadat v. Landsafe Flood Determination, Inc.*, 253 Fed. Appx. 343 (5th Cir. 2007). In *Saadat*, a property owner brought an action against his lender for erroneously informing him that his property was located in a flood zone, after previously being informed that his property was not located in a flood zone. *Id.* Like Plaintiffs here, the property owner alleged DTPA violations, common law fraud, and negligent misrepresentation under Texas law. *Id.* at 344. The defendants made the same argument presented to this Court by Countrywide, i.e. that the NFIA preempts or precludes state causes of action because the plaintiffs' claims resulted from an NFIA notification letter, which the defendant sent pursuant to its statutory obligations. The Fifth Circuit ultimately found the district court did not have subject matter jurisdiction over the property owner's claims because the claims did not invoke federal law and only alleged state law causes of action. *Id.* at 344. It pointed out that even when a federal statute does not provide a private right of action, a violation of a federal statute can still be included as an element of a state cause of action. It also stated: "We see no complete preemption present in order to avoid the well-pleaded complaint rule, and the

4

resolution of [plaintiff]'s claims does not turn on the answer to a federal question." *Id.* 344–45. Thus, if the Fifth Circuit found that state law claims were preempted or precluded by the NFIA, it could have dismissed the claims outright. The Fifth Circuit's ruling indicates to this Court that state law claims can exist outside of the NFIA.

Assuming *arguendo* that the NFIA does preempt all state causes of action, the Court finds Plaintiffs' claims do not implicate the NFIA, or at most are only tangentially related to the lender's obligations under the NFIA. Plaintiffs do not allege that Countrywide violated the NFIA. To comply with the NFIA requires lenders to notify borrowers when their property is located in a flood area, not that it notify the borrower that they are no longer in a flood area. *See* 42 U.S.C. § 4104a. Thus, the action taken by Countrywide, which is at the core of Plaintiffs' complaint, does not stem from their obligations under the NFIA.[2] Furthermore, a lender does not have an affirmative duty under the NFIA to notify a mortgagor of a change in status when flood zone areas change. *Wentwood Woodside*, 419 F.3d at 322–23. When Countrywide gave Plaintiffs affirmative notice that their property was no longer in a flood area, it took action that was not required by the NFIA. Therefore, the Court finds Plaintiffs' have stated cognizable causes of action under state law.[3] *See Hofbauer v. Nw. Nat'l Bank of Rochester, Minn.*, 700 F.2d 1197, 1201 (8th Cir. 1983) (finding that no private right of action under the NFIA does not necessarily preclude a state cause of action based

---

[2] The Court is satisfied that federalism concerns are not implicated, as Plaintiffs' causes of action do not stem from violations of the NFIA, and as actually pled, do not relate to any duties imposed on Countrywide by the NFIA.

[3] Because the Court has determined that the NFIA is not applicable to the Plaintiffs' causes of action, it is not necessary to address Countrywide's argument that the NFIA does not create a duty from a lender to a borrower in relation to Plaintiffs' negligence and negligent misrepresentation claims.

on a violation of the standard of conduct imposed by the federal law); *Rentrop v. Nationwide Mut. Fire Ins. Co.*, 2008 WL 2465288, at *3 (S.D. Miss. 2008) ("While the NFIA does not provide a private right of action, neither does it provide a shield from liability for breach of a duty that arises under state law.").

### B. DTPA

Countrywide argues that Plaintiffs cannot maintain a DTPA cause of action because they are not "consumers" as defined by the statute. To pursue a DTPA cause of action, a plaintiff must be a consumer. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); TEX. BUS. & COM. CODE § 17.50(a) (Vernon Supp. 2006). To qualify as a consumer under the DTPA, a plaintiff must "seek or acquire goods or services by purchase or lease" and those goods or services must form the basis of the complaint. *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App.– San Antonio 2002, pet. denied); *see* TEX. BUS. & COM. CODE § 17.45(4) (Vernon 2002). Whether a plaintiff is a consumer under the DTPA is a question of law for the court to decide. *Holland Mortgage & Inv. Corp. v. Bone*, 751 S.W.2d 515, 517 (Tex. App.– Houston [1st Dist.] 1987, writ ref'd n.r.e.).

In the lender/borrower context, a person who seeks "only the extension of credit . . . and nothing more" is not a consumer under the DTPA because the lending of money is not a good or service. *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173, 175-76 (Tex. 1980). A borrower whose sole objective is a loan does not become a consumer merely because the lender provides services incidental to the loan that are not independent objectives of the transaction. *Id.* at 175; *Allen v. Am. Gen. Fin., Inc.*, 251 S.W.3d 676, 694 (Tex. App.– San Antonio 2007, pet. filed).

Plaintiffs are not consumers under the DTPA because they have not sought or acquired any

goods or services from Countrywide.  Further, in sending the letter to Plaintiffs, Countrywide was not performing a service or providing a good for Plaintiffs' use independent of their relationship as lender/borrower.  Thus, the information provided by Countrywide was incidental to the loan. *See Everson v. Mineola Cmty. Bank*, 2006 WL 2106959, at *2 (Tex. App.– Tyler 2006, pet. denied) (mem.op.) (holding that homeowners were not consumers on the basis of their forced purchase of private mortgage insurance where their DTPA claim had nothing to do with the insurance itself but rather an allegedly wrongful foreclosure). As such, the Court must grant Countrywide's motion to dismiss with regards to Plaintiffs' DTPA claim.

## Conclusion

For the foregoing reasons, the Court finds that Defendant Countrywide Home Loan, Inc.'s Motion to Dismiss (Dkt. #7) should be GRANTED in part and DENIED in part.

It is so ORDERED

SIGNED this 24th day of July, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE